## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHEN DIVISION

JANE DOE 1, ON BEHALF OF
JOHN DOE 1 AND JOHN DOE 2,
MINOR CHILDREN                                                                          PLAINTIFFS

VS.                                                                CIVIL ACTION NO: 1:23cv115 HSO-BWR

JASON LEONARD RHODES, DEAN NECAISE
BRENDA NECAISE, JOHN DOES 1-10                                                DEFENDANTS

### COMPLAINT
### Jury Trial Demanded

COMES NOW, Plaintiffs, by and through counsel, and files this Complaint against the Defendants and states as follows:

### NATURE OF THE ACTION

1. This is suit for damages arising out of the Defendant Rhode's violation of Federal criminal child pornography laws and other Federal criminal statutes as outlined below.

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes under sections 2251 to recover the actual damages a person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary equitable relief as the Court determines to be appropriate.

3. This action is also centered around various State law claims of the minors involved and Rhodes' actions.

4. All Defendants have committed fraud under the Mississippi Fraudulent Transfer Act, and other state law claims.

## PARTIES

5. Jane Doe is the mother of two minor children and resides in Bay St. Louis, Hancock County, Mississippi.

6. Jane Doe is a pseudonym for the mother of the minor victims.

7. John Doe 1 is a minor child and is a resident in the home of Jane Doe, his mother, in Hancock County, Mississippi.

8. John Doe 1 is a pseudonym for a minor victim.

9. John Doe 2 is a minor child and is a resident in the home of Jane Doe, his mother, in Hancock County, Mississippi.

10. John Doe 2 is a pseudonym for a minor victim.

11. Defendant Rhodes is an adult resident citizen of Mississippi and currently in the custody of the United States Bureau of Prisons. Rhodes resided in this judicial district prior to incarceration.

12. Defendants Dean Necaise and Brenda Necaise are adult resident citizens of Harrison County Mississippi and may be served with process at 19087 Commission Road, Long Beach, Mississippi or wherever they may be found.

## JURISDICTION AND VENUE

13. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendants reside (ii) the Court has pendant jurisdiction over State law claims and (iii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in full or in part in this district.

**FACTS**

15. Defendant Rhodes was indicted for production, possession and distribution of child pornography under 18 U.S.C 2551 (a) and (e) on February 22, 2023.

16. Defendant Rhodes also knowingly and fraudulently transferred assets of real and personal property to avoid any liability and restitution for his crimes.

17. Necasie Defendants knowingly and falsely received transferred assets against the Mississippi Code.

18. Minor Plaintiffs are the victims of Defendant Rhodes' production, possession, and distribution of child pornography in violation of Federal law.

19. Due to the sensitive, private, and potentially retaliatory nature of John Does #1 and #2's allegations, Jane Doe requests that this Court permit her to proceed under pseudonyms. Courts recognize an exception to the general rule that pleadings name all parties when the issues involved are of a sensitive and highly personal nature. For good cause, as exists here, the Court may permit Plaintiffs to proceed in pseudonym to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Here, granting pseudonym status is warranted because this litigation will involve the disclosure of stigmatizing sexual information, including sexual assault, rape and production of child pornography. Jane Doe fears the stigma from her family, friends, employer, and community if Plaintiffs' true identities are revealed in the public record.

20. Defendants will not be prejudiced by Plaintiffs' use of a pseudonyms. Plaintiffs will agree to reveal their identity to Defendants for the limited purpose of investigating the claims once the parties are governed by a protective order. Plaintiffs simply seek redaction of their personal identifying information from the public docket and assurances that Defendants will not

use or publish her identity in a manner that will compromise Plaintiffs' personal lives or future employment prospects.

## FIRST CAUSE OF ACTION
## 18 U.S.C. 2255

21. Plaintiffs reallege all allegations in prior paragraphs.

22. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2251(a) and suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in an appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred. The Court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

23. Defendant Rhodes has been indicted and charged with committing Federal child pornography crimes found at 18 U.S.C. § 2251 (a) and (e).

24. 18 U.S.C. § 2251 states:

> **(a)** Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any

means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

**(e)** Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.  Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title.  Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

25.     Plaintiffs, each of them, are victims of Defendant Rhodes' violation of 18 U.S.C. § 2251.

26.     The United States Supreme Court in *Paroline v. United States*, 572 U.S. 464 (2014), has held that the victims of child pornography crimes necessarily suffer personal injury.  Plaintiffs are such victims, and therefore, as a matter of law, have suffered personal injury.

27.     Minor Plaintiffs, qualify for liquidated damages in the amount of $150,000.00 each, the cost of the action, including reasonable attorneys' fees, other litigation costs reasonably incurred, prejudgment interest, post judgment interest, and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTION DISTRESS

28.     Plaintiffs reallege all allegations in prior paragraphs.

29. Plaintiffs have each been injured by the acts of Rhodes and the acts of the Necaise Defendants.

30. Rhodes' acts of sexual assault and production of child pornography have negligently inflicted emotional distress upon all Plaintiffs.

31. It is reasonably foreseeable that the acts of Rhodes has and did cause the Plaintiffs emotional distress.

32. It is also reasonably foreseeable that the fraudulent transfer of Rhodes' assets to the Necasie Defendants, maliciously attempting to shield Rhodes of any funds available for damages, caused the Plaintiffs emotional distress.

33. The Plaintiffs have been damaged and all Defendants are liable to the Plaintiffs for damages.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff reallege all allegations in prior paragraphs.

35. The Defendants acted willfully or wantonly towards the Plaintiffs by committing the certain described actions herein.

36. The Defendants' acts are ones which evoke outrage or revulsion in civilized society.

37. The acts were directed at, or intended to cause harm to, the Plaintiffs.

38. Plaintiffs suffered severe emotional distress as a direct result of the acts of the Defendants.

39. Such resulting emotional distress was foreseeable from the intentional acts of the Defendants.

## FOURTH CAUSE OF ACTION
## CIVIL BATTERY

40. Plaintiffs reallege all allegations in prior paragraphs.

41. Defendant Rhodes committed an unlaw and unwanted touching of John Doe Plaintiffs.

42. As a result of the unwanted touching, Defendant Rhodes has committed battery of the John Doe Plaintiffs and caused them personal injury and damages.

## FIFTH CAUSE OF ACTION
## CIVIL ASSAULT

43. Plaintiffs reallege all allegations in prior paragraphs.

44. Defendant Rhodes placed John Doe Plaintiffs in fear of an unlawful and unwanted touching.

45. As a result of the imminent fear of the unwanted touching, Defendant Rhodes has committed assault of the John Doe Plaintiffs and caused them personal injury and damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE PER SE - INVASION OF PRIVACY MISS. CODE ANN. § 97-29-63

46. Plaintiffs reallege all allegations in prior paragraphs.

47. Defendant Rhodes invaded the privacy of John Doe Plaintiffs.

48. Miss. Code Ann. § 97-29-63 states:

(1) Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room or bedroom shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than five (5) years in the custody of the Department of Corrections, or both.

(2) Where the person who is secretly photographed, filmed, videotaped or otherwise reproduced is a child under sixteen (16) years of age, a person who violates subsection (1) of this section shall be guilty of a felony and upon conviction shall be punished by a fine of Five Thousand Dollars ($ 5,000.00) or by imprisonment of not more than ten (10) years in the custody of the Department of Corrections, or both.

49. By making and producing child pornography videos of John Doe Plaintiffs without their consent in a private residence, Rhodes violated this Mississippi Code section.

50. Rhodes is negligent per se and proximately caused damages to John Does Plaintiffs.

### SEVENTH CAUSE OF ACTION
### FRAUDULENT TRANSFER MISS. CODE ANN. § 15-3-107

51. Plaintiffs reallege all allegations in prior paragraphs.

52. Defendant Rhodes fraudulently transferred funds, real property and other goods to the Necaise Defendants after his indictment due to heinous crimes against the Plaintiffs.

53. The Necaise Defendants accepted the transfer of funds and real property from Rhodes to knowingly hide assets of Rhodes in an effort to avoid liability and damages to Plaintiffs.

54. The Defendants have committed fraud. Plaintiffs have been damaged and are entitled to compensatory and punitive damages from the Defendants.

### EIGHTH CAUSE OF ACTION
### CIVIL CONSPIRACY

55. Plaintiffs reallege all allegations in prior paragraphs.

56. The Defendants made an agreement with each other to transfer property and funds out of Rhodes' name to avoid paying Plaintiffs damages for the acts of Rhodes.

57. The tortious and unlawful act was committed against the Plaintiffs in furtherance of the agreement.

58. The Plaintiffs suffered economic loss as a result.

## GROSS NEGLIGENCE

59. Plaintiffs reallege all allegations in prior paragraphs.

60. The actions of Defendants, as described herein, demonstrate a wanton and reckless disregard for the rights of Plaintiffs.

61. Defendants' actions were so reckless as to warrant the award of punitive damages.

62. Defendants are liable for all negligent acts and omission committed, as such acts were the direct, immediate, and proximate result of Plaintiffs' injuries.

63. As a direct and proximate result of the gross negligence by Defendants, Plaintiffs have sustained damages to be proven at a trial of this matter.

64. Defendants' actions entitle Plaintiffs to punitive damages.

## DAMAGES

65. Plaintiffs have suffered and continue to suffer extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray for judgment of, from and against Defendants in an amount to be determined by a jury or Court that fully and fairly compensates Plaintiffs, including all costs incurred, including damages, and any prejudgment or post-judgment interest of not more than $11,000,000.00. Plaintiffs further pray for any other general relief to which they may be entitled.

**RESPECTFULLY SUBMITTED,** this the 5th day of May 2023.

                                **PLAINTIFFS**

                                *s/ Toby Gammill*
                                **Toby Gammill, Esq.**

Derek L. Hall (MSB# 10194)
Toby Gammill (MSB# 100367)
DEREK L. HALL, PC
370 Towne Center Blvd.
Ridgeland, MS 39157
Email: derek@dlhattorneys.com
Email: toby@dlhattorneys.com
*Attorneys for Plaintiffs*